Filed 7/16/15  P. v. Siikanen CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>COBY LEE SIIKANEN,<br><br>  Defendant and Appellant. | A143358<br><br>(Del Norte County<br>Super. Ct. No. CRF149436) |

Defendant Coby Siikanen appeals a judgment entered upon his plea of guilty to possession of a controlled substance for sale.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been informed of his right to personally file a supplemental opening brief, but he has not done so.

Defendant was charged with possession of a controlled substance for sale (Health & Saf. Code, § 11378, count one), possession of a controlled substance (Health & Saf. Code, § 11377, count two), falsely representing himself to a peace officer (Pen. Code, § 148.9, count three), and unlawful possession of drug paraphernalia (Health & Saf. Code, § 11364, count four).  The complaint included a prior prison term enhancement. (Pen. Code, § 667.5, subd. (b).)

Pursuant to a negotiated disposition, defendant pled guilty to possession of a controlled substance for sale, with a stipulated maximum sentence of two years, and the remaining counts and enhancement allegation were dismissed.  Before accepting

1

defendant's plea, the trial court informed him of the rights he was waiving and the consequences of his plea.

As the factual basis for the plea, the prosecutor stated that on August 16, 2014, law enforcement received an anonymous tip that someone named Coby was making telephone calls and trying to carry out drug transactions. Officers went to the area in question and spoke to defendant, who provided a false name. A search of his person revealed, in one pocket, four bindles of methamphetamine in varying quantities with a total weight of more than two grams, another two grams of methamphetamine in a second pocket, a methamphetamine pipe, and some cell phones.

The trial court sentenced defendant to a two-year term, gave him credit for his actual days in custody and conduct, and imposed fines and fees. Defendant's appellate counsel later informed the trial court that one of the fines, a $300 parole revocation restitution fine pursuant to Penal Code section 1202.45, was improper because defendant's sentence did not include a period of parole, post-release community supervision, or mandatory supervision. The trial court struck the fine and the clerk prepared an amended abstract of judgment.

Defendant was represented by counsel. He was informed of his rights before entering his plea. The sentence was consistent with the plea agreement. There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Streeter, J.

2